## WICKWIRE v. REINECKE, Collector.

(Circuit Court of Appeals, Seventh Circuit. June 10, 1926. Rehearing Denied September 29, 1926.)

No. 3703.

Appeal and error ⊗⟳1061(4).

In action to recover tax paid under protest, directing verdict for defendant on erroneous theory that case was controlled by another *held* not reversible error on whole record.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by Jessie L. Wickwire, individually and as executrix and trustee under the last will and testament of Edward L. Wickwire, deceased, against Mabel G. Reinecke, as Collector and as. Acting Collector of Internal Revenue, etc. Judgment for defendant, and plaintiff brings error. Affirmed.

Forest D. Siefkin, of Chicago, Ill., for plaintiff in error.

J. A. O'Callaghan, of Chicago, Ill., for defendant in error.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. This is a suit by an executrix to recover money paid under protest on behalf of her testator's estate to the collector of internal revenue at Chicago. Its payment was required on the theory that the money and securities taxed, though given to testator's wife four months before testator's death, were actually given in contemplation of death and were subject to taxation.

After plaintiff's opening statement, a stipulation as to evidence, and a tender of other evidence, whereby the facts were fully disclosed to the court and jury, the court directed a verdict for defendant.

From the whole record, we find that there was no error, even though the instruction was given on the ground that the case was controlled by Park Falls Lumber Co: v. Burlingame (C. C. A.) 1 F.(2d) 885. The only question there was as to the correctness of the amount of a tax assessed against property admittedly belonging to the plaintiff, a matter within the sound discretion of the administrative officers. Ray Copper Co. v. U. S., 268 U. S. 373, 377, 45 S. Ct. 526, 69 L. Ed. 1003. Inasmuch as in this case neither the amount of the tax nor the method of making the assessment is questioned, the only question is, Was the transfer to the wife made in contemplation of death? That question is possibly a judicial one, to be finally determined by the courts, and we are of opinion that the Park Falls Lumber Company Case does not control.

Notwithstanding this, the case, on the whole record, should be, and is, affirmed.